**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— :
                                        :
**UNITED STATES OF AMERICA,**           :
                                        :          **Civil Action No. 15-8796 (MCA) (MAH)**
            **Plaintiff,**              :
                                        :
        **v.**                          :
                                        :
**ROONEY SAHAI, ROONEY SAHAI**          :          **OPINION**
**IRREVOCABLE FAMILY TRUST, c/o**       :
**Liliana Sahai and Jayesh Patel, SAHAI** :
**FAMILY TRUST, c/o Rooney Sahai,**     :
**SUSAN M. SAHAI, and SETERUS INC.,**   :
                                        :
            **Defendants.**             :
———————————————————— :


I.   **INTRODUCTION**

        This matter comes before the Court on the motion of the Plaintiff for leave to effectuate

service of process on Defendants Rooney Sahai, Rooney Sahai Irrevocable Family Trust, and Sahai

Family Trust by publication, and for an enlargement of time to serve Defendants.  Pursuant to FED.

R. CIV. P. 78, no oral argument was heard.  For the reasons set forth below, Plaintiff's motion for

leave to effectuate by publication is granted in modified form, and Plaintiff's request for an

extension of time to serve Defendants is granted.

II.  **BACKGROUND**

        On December 22, 2015, the Plaintiff, United States of America, filed a Complaint against

Defendant Rooney Sahai and Liliana Sahai seeking to reduce to judgment federal tax assessments

made against him and to foreclose its tax liens on two parcels of real property located in Saddle

Hill and Ridgewood, New Jersey.  See Complaint, Dec. 21, 2015, D.E. 1.  Plaintiff argues that it

has made repeated attempts to serve Defendants at their last known address in Saddle Hill. Plaintiff contends that it has: attempted to effect service: (1) attempted to effect service through a process server pursuant to New Jersey Court Rule 4:4-4(a)(1); (2) attempted substitute service by sending the summons and complaint through certified mail pursuant to N.J.R. 4:4-4(b); and (3) performed a skip trace to determine Defendants' last known addresses. However, Plaintiff represents that these efforts have been unsuccessful, and that Plaintiff has been unable to effectuate service. Declaration of Vassiliki E. Economides, Feb. 24, 2016, D.E. 3-2, ¶¶ 5-7 ("Economides Decl."). Plaintiff further certifies that Defendant "Jayesh Patel" appears to be an individual connected to the Rooney Sahai Irrevocable Family Trust ("the Trust"), and that there are ten individuals with the name "Jayesh Patel" who currently reside in New Jersey. Id. ¶ 7. Plaintiff argues that it has used all means available to find and serve the Defendants, and that it would be unreasonable to attempt personal service on all ten Jayesh Patels in hopes of finding the one associated with the Trust. Id. ¶¶ 7, 11. Plaintiff argues that personal service and substitute service have been unsuccessful, and now seeks leave to serve Defendants by publication pursuant to N.J.R. 4:4-5. Plaintiff's Brief in Support of Motion for Leave to Effectuate Service of Process by Publication, Feb. 24, 2016, D.E. 3-1, at 5.

### III. DISCUSSION

#### A. Service by Publication

Federal Rule of Civil Procedure 4(e) states:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under New Jersey law, personal service is the primary method of effecting service.  See N.J. Ct. R. 4:4-4(a), 4:4-5(a).  New Jersey Court Rules 4:4-3 and 4:4-4(a) prescribe the methods of effecting personal service within the state.  Substitute or constructive service, however, is permitted when personal service within the state cannot be effected.  See N.J. Ct. R. 4:4-4(b), 4:4-5.  For *in personam* jurisdiction, New Jersey Court Rule 4:4-4(b) provides the methods of substitute or constructive service, such as personal service outside the state, simultaneous mailings by ordinary and certified (or registered) mail, and "as provided by court order, consistent with due process of law."  N.J. Ct. R. 4:4-4(b)(1), (b)(3).  For *in rem* and *quasi in rem jurisdiction*, New Jersey Court Rule 4:4-5 provides the methods for personal, substitute, and constructive service, such as service by publication.  Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b).  See N.J. Ct. R. 4:4-5(a); 4:4-4 (b)(1) (cross-referencing Rule 4:4-5(b)); N.J. Ct. R. 4:4(b)(3) (noting that service by a court order consistent with due process is precluded  "[i]f service can be made by any of the modes provided by this rule"); see also Garrett v. Matisa, 394 N.J. Super. 468, 475–76 (Ch. Ct. 2007) (using affidavit requirement in Rule 4:4-5 as model for unique notice issue).

Diligence has no fixed standard.  See Modan v. Modan, 327 N.J. Super. 44, 48 (App. Div. 2000).  The diligence exercised and the alternative service requested must meet the constitutional

requirements of due process.   Cf. O'Connor v. Abraham Altus, 67 N.J. 106, 126–127 (1975). Namely, the "elementary and fundamental requirement of due process" is that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." O'Connor, 67 N.J. at 126 (quoting Mullane, 339 U.S. at 314); see also Dusenbery v. United States, 534 U.S. 161, 168 (2002) ("Since Mullane was decided, we have regularly turned to it when confronted with questions regarding the adequacy of the method used to give notice.").   Accordingly, when considering diligence, the Court conducts a fact-sensitive inquiry "measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." Modan, 327 N.J. Super. at 48 (internal citation and quotation marks omitted).   Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action.   Id. at 48–49 (collecting cases).

Service by publication, as requested here, "is hardly favored and is the method of service that is least likely to give notice." M & D Assocs. v. Mandara, 366 N.J. Super. 341, 353 (App. Div. 2004) (citing Modan, 327 N.J. Super. at 48).   "Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." Mullane, 339 U.S. at 315.   Nevertheless, "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." Id. at 317.

Here, the Court is satisfied that Plaintiff has demonstrated due diligence in attempting to serve Defendants.   A review of the Declaration of Vassiliki E. Economides, Esq., shows that, in

accordance with N.J. Ct. R. 4:4-4(a), Plaintiff sought the assistance of a process server to personally serve Defendants Rooney Sahai, and Liliana Sahai and Jayesh Patel, the two Trustees of the Trust.  Economides Decl., D.E. 3-2, ¶ 4.  He further certifies that after performing skip-trace searches to obtain the last known addresses of Defendants, the process server made six attempts to personally serve Rooney Sahai, as well as Liliana Sahai and Jayesh Patel, but to no avail.  Id. ¶¶ 8, 9.  Plaintiff then attempted service by certified mail, which was returned as uncollected.  Id. ¶ 10.  Plaintiff certifies that it "has used all means available to her to find and serve the defendants[,]" and further states that it "reasonably believes that the defendants are evading service and are aware of the United States' efforts to serve them."  Id. ¶¶ 11, 12.   It is unclear to the Court whether the defendants are evading service.  However, it is clear that Plaintiff has exhausted the options for personal service and service via certified mail and that service by publication, while not likely to be successful, is the sole remaining option.  .  Although Plaintiff might not have taken every conceivable action, its conduct demonstrates that it followed up on information it possessed or could have reasonably obtained, and that its efforts will meet the constitutional requirements of due process.  See Modan, 327 N.J. Super. at 48–49; accord Mullane, 339 U.S. at 314–15.  Accordingly, the Court will allow Plaintiff to effectuate service upon Defendants by publication.

### B.  Enlargement of Time to Serve Defendants

Plaintiff has also requested for a ninety-day extension to serve Defendants, the deadline currently being March 20, 2016.  Before the December 1, 2015, amendment became effective, Federal Rule of Civil Procedure 4(m) provided, in relevant part, that if a party failed to serve the defendant within 120 days after the complaint was filed "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant

or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  As of December 1, 2015, Rule 4(m) provides ninety days to effect service.

The Court of Appeals for the Third Circuit has stated that "determination of whether to extend time involves a two-step inquiry.  The district court first determines whether good cause exists for a plaintiff's failure to effect timely service.  If good cause exists, the extension must be granted.  If good cause does not exist, the district court must consider whether to grant a discretionary extension of time. . . .In determining whether good cause exists, a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place[.]"  Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (citations omitted).  The good cause prong requires that "a plaintiff demonstrate good faith and some reasonable basis for noncompliance with the time specified in the rules."  House v. H.U.D., NO. CIV. 05-3811, 2006 WL 3779762 *7 (D.N.J. Dec. 20, 2006) (citing MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)).  Thus, when determining whether or not good cause exists, the Court should assess, among other things, "the reasonableness of plaintiff's efforts to serve," and "whether the plaintiff moved for an enlargement of time to serve."  Pilone v. Basik Funding, Inc., NO. CIV. 05-3798, 2007 WL 203958 * 2 (D.N.J. Jan. 24, 2007).

In this case, good cause exists to grant Plaintiff's requested relief.  The Court has already found that Plaintiff demonstrated due diligence in its attempts to serve the Defendants, and has been unable to serve Defendants, not through any fault or lack of effort on Plaintiff's part.  The Court has also found that Plaintiff has acted reasonably in light of the circumstances.  Accordingly, Plaintiff shall have until **June 20, 2016** to serve Defendants.

## IV.   CONCLUSION

For the reasons stated herein, the Plaintiff's motion for leave to effectuate substitute service is granted as to service pursuant to New Jersey law, and Plaintiff's request to extend the deadline to serve Defendants from March 20, 2016 to June 20, 2016 is granted.

However, the Court respectfully disagrees with the details of the service that Plaintiff proposes.  Plaintiff proposes to publish notice only once in the New Jersey Law Journal, and once in the Star Ledger.  Publishing the notice once in each publication makes it even less likely that Defendants will read it.  Accordingly, the Court will require Plaintiff to publish the notice in each of the Star Ledger and New Jersey Law Journal once per week for six weeks.  Six weeks in each periodical appears to exceed the minimum requirements of Rule 4:4-5(a)(3).  However, the Court is satisfied that it represents a fair and reasonable effort to provide Defendants notice of the litigation.  See 28 U.S.C. § 1655.

Additionally, consistent with Rule 4:4-5(a)(3), the Court will require Plaintiff to mail, via regular and certified mail, a copy of the Complaint to Defendants at their three last known addresses.  Although Plaintiff's motion papers suggest this undertaking may be futile, the Court finds good cause for it in ensuring the greatest possibility that Defendants will receive notice of the suit and afforded an opportunity to be heard.

The Court shall issue an order consistent with this opinion.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

Date: March 14, 2016